UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

GSC TECHNOLOGIES CORPORATION,
160 Vanier
St-Jean Sur Richelieu
Quebec, Canada J3B 3R4,

          Plaintiff,

v.

UMBRA, LLC
1705 Broadway Street
Buffalo, New York 14212

and

UMBRA, Inc.
1705 Broadway Street
Buffalo, New York 14212,

          Defendants.

COMPLAINT
(JURY TRIAL DEMANDED)

Civil Action No. _____

---

Plaintiff, GSC Technologies Corporation, by and through its undersigned counsel, Schröder, Joseph & Associates, LLP, and Cook, Alex, McFarron, Manzo, Cummings & Mehler, Ltd., for its Complaint against Defendants Umbra, LLC and Umbra, Inc. states as follows:

## THE PARTIES

1.    Plaintiff, GSC Technologies Corporation ("GSC"), is a Canadian corporation having its principal place of business at 160 Vanier, St-Jean Sur Richelieu, Quebec, Canada J3B 3R4. Plaintiff GSC was formerly named GSC Technology Corporation and changed its name to GSC Technologies Corporation in 2006.

2.     Defendant, Umbra, LLC ("Umbra, LLC"), is a New York limited liability company having its principal place of business at 1705 Broadway Street, Buffalo, New York 14212. Defendant, Umbra, Inc. ("Umbra, Inc."), is a corporation that is incorporated under the laws of the State of New York, is currently active and has its principal place of business at 1705 Broadway Street, Buffalo, New York 14212.

## NATURE OF THIS ACTION

3.     This action seeks a declaratory judgment of non-infringement by GSC of a design patent issued to Umbra, Inc. but now held by Umbra, LLC, non-infringement by GSC of Umbra, Inc.'s and Umbra, LLC's.

4.     This action arises under the Patent Laws of the United States, 35 U.S. C. § 101 et seq., including 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## JURISDICTION AND VENUE

5.     Subject matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 2201 in that this is a declaratory judgment action involving federal question claims brought under the patent law of the United States.

6.     This Court has supplemental jurisdiction over any related claims in accordance with 28 U.S.C. § 1367.

7.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(2) in that GSC is a citizen and/or subject of a foreign state, Canada, and Umbra, LLC and Umbra, Inc. are citizens of the State of New York and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8.     Defendants Umbra, LLC and Umbra, Inc. are subject to the exercise of personal jurisdiction by this Court because Defendants are residents of the State of New York,

have their principal place of business in New York, and regularly transact business within the State.

9. Venue is proper in this District under 28 U.S.C. § 1391 (b)(1) in that Umbra, LLC and Umbra, Inc. have their principal place of business within this District and under 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL CLAIMS

10. GSC is in the business of manufacturing folding tables and chairs and injection-molded housewares and other items.

11. On December 29, 1998, a patent application in the name of Karim Rashid was filed with the U.S. Patent and Trademark Office for a design entitled "Chair." The U.S. Patent and Trademark Office later issued U.S. Design Patent Des. 417,795 ("the '795 Rashid Patent") to Umbra, Inc. (of Buffalo, New York) as the assignee of Mr. Rashid. Upon information and belief, Umbra, Inc. later assigned the '795 Rashid Patent to Umbra, LLC.

12. Upon information and belief, Umbra, Inc. marketed and continues to market a stackable chair with tubular steel legs which both Umbra, Inc. and Umbra, LLC claim embodies the design of the '795 Rashid Patent (hereinafter referred to as the "Umbra Chair").

13. Photographs of the 2006 version of the Umbra Chair along with tags found on the Umbra Chair are attached hereto as Exhibit A.

14. Defendant Umbra initiated a prior action in this Court entitled *Umbra, LLC v. Home Depot, Inc.* bearing Civil Action Number 06-CV-0612 S (Sc) ( the "Related

Action') in which Defendants charged that a certain chair manufactured by Plaintiff (hereinafter referred to as the "Related Action GSC Chair") infringed the '795 Rashid Patent. A depiction of the Related Action GSC Chair is attached hereto as <u>Exhibit B</u>.

15.     The Related Action was successfully settled by reason of the re-design of the Related Action GSC Chair. The basis for the resolution of the Related Action was twofold: (1) Plaintiff GSC accepted Defendants' request that holes in the Related Action GSC Chair be reduced in area by 40% reduction and (2) Defendants in turn agreed to a redesign that involved a hole in the seat which Plaintiff contended to be functional on grounds it was used for stacking purposes and for comfort.

16.     Subsequent to the settlement of the Related Action, Plaintiff GSC designed another chair (the "V-16 GSC Chair") which also does not infringe the '795 Rashid Patent. For example, like the re-designed Related Action Chair, the V-16 GSC Chair meets the demands made by Defendants with respect to the total area of holes as described in paragraph 15 above, does not have arm holes and clearly avoids the '795 Rashid Patent design. A drawing of the V-16 GSC Chair is attached hereto as <u>Exhibit C</u>.

17.     Having relied upon the positions taken by Defendants in the settlement of the Related Action, in an abundance of caution, Plaintiff GSC's patent counsel wrote a letter to Defendants' counsel dated June 13, 2006 describing the V-16 GSC Chair and its dimensions and design in detail, advising Defendants of Plaintiff's intention to produce it in Canada and market it in the United States and elsewhere and asking that Defendants inform Plaintiff of what, if any, objections they had with respect to the V-16 GSC Chair "<u>within seven (7) days</u>."

18. In explaining the need for a timely response within seven (7) days, the Plaintiff's June 13, 2007 letter stated that "failing any timely objection by Umbra to V16, GSC will proceed with its plans and make the necessary investments in changing the existing mold or making a new one, as may be required, advertising the new design, notifying customers and all of the other efforts involved in modifying a product and bringing it to the marketplace" and expressly informed Defendants that the efforts and expenses would be substantial. (Emphasis in the original.)

19. A copy of Plaintiff's aforementioned letter dated June 13, 2007 is attached hereto as Exhibit D.

20. Defendants' patent counsel did not reply within seven days as requested by the June 13, 2007 letter and instead replied by a letter dated July 5, 2007 stating that Defendants "have reviewed your conclusions regarding the V16 chair design and our conclusions differ [from your conclusion of non-infringement]; however, at this time we decline to provide our legal opinions on the subjects you raise." A copy of the Defendants' July 5, 2007 letter is attached hereto as Exhibit E.

21. Thus, Defendants not only stated that they disagreed with Plaintiff's assertions that V-16 GSC Chair does not infringe the '795 Rashid Patent, but Defendants also refused to explain any basis for their position.

22. Given the explanations provided in Plaintiff's June 13, 2007 letter, including its disclosure that GSC would proceed with its plans if there was no response within seven days, and given Defendants' failure to timely respond, Plaintiff proceeded with its plans and expended substantial expenses and efforts in obtaining the necessary changes to the mold so as to position itself for production of the V-16 GSC Chair.


23. Subsequent to its receipt of Defendants' July 5, 2007 letter, Plaintiff's counsel requested Defendants' counsel to reconsider and has been informed that Defendants are not willing to do so. Additionally, Defendants continue to fail to be forthcoming in explaining any basis for their objections to the V-16 GSC Chair or any basis for their claim that it infringes the '795 Rashid Patent.

24. The V-16 GSC Chair clearly avoids the '795 Rashid Patent by reason of its design and appearance.

25. The V-16 GSC Chair has no arm holes in contrast to the Umbra Chair, has a hole in the seat which is functional in that it is necessary for stacking and comfort. In fact, it is evident from even a cursory comparison of the V-16 GSC Chair to the Umbra Chair that the public could not possibly be confused into thinking the V-16 GSC Chair to be the Umbra Chair since not only does it have no arm holes, but also the total "hole" area is reduced by 40% and the design has a different appearance as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION
## DECLARATION OF NON-INFRINGEMENT OF THE '795 RASHID PATENT

26. GSC repeats and realleges each of the allegations set forth in paragraphs 1 to 25 above as if set forth fully herein.

27. Umbra, Inc. and Umbra, LLC have contended in their counsel's letter dated July 13, 2007 and in subsequent conversations between the parties' counsel that the V-16 GSC Chair infringes the '795 Rashid Patent.

28. An actual, present and justiciable controversy has arisen between GSC and Umbra, Inc. and Umbra, LLC concerning whether or not the sale or offer for sale and other actions in the United States of the V-16 GSC Chair infringes the '795 Rashid Patent.

29.     GSC seeks a declaratory judgment from this Court that any manufacture, sale, offer for sale, and distribution of the V-16 GSC Chair in the United States, and any importation thereof into the United States, does not infringe the '795 Rashid Patent.

**WHEREFORE,** GSC respectfully requests that this Court enter judgment in favor of GSC and against Umbra, LLC and Umbra, Inc. granting the following relief:

A) On its First Cause of Action, a declaratory judgment that the use, sale, offer for sale, distribution, marketing, and importation of the V-16 GSC Chair does not infringe the '795 Rashid Patent and a declaration that the case is exceptional within the meaning of 35 U.S.C. § 285;

B) For willful and wanton conduct, an order requiring Umbra, Inc. and Umbra, LLC to pay GSC an amount equal to GSC's attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285; and

C) A preliminary and permanent injunction prohibiting Umbra, LLC and Umbra, Inc. from falsely alleging that the V-16 GSC Chair infringes the '795 Rashid Patent.

D) Such other and further relief as the Court may deem just and proper.

**Jury Demand: GSC demands trial by jury of all issues so triable.**

DATED:   July 18, 2007
         Buffalo, New York

        Respectfully submitted,

        **SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

        */s/ Linda H. Joseph*
        Linda H. Joseph, Esq.
        766 Ellicott Street
        Buffalo, New York 14203
        (716) 881-4900 Telephone
        (716) 881-4909 Telefax
        ljoseph@sjalegal.com

        **COOK, ALEX, McFARRON, MANZO,**
        **CUMMINGS & MEHLER, LTD.**

        Edward D. Manzo, Esq.
        Joseph R. Freund, Esq.
        200 West Adams Street, Suite 2850
        Chicago, Illinois 60606
        (312) 236-8500 Telephone
        (312) 236-8176 Telefax

        *Attorneys for Plaintiff*
        *GSC Technologies Corporation*